UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA LINER,

      Plaintiff,

v.

MOTOR CITY CASINO ET AL.,

      Defendants.

_____/

Case No. 10-14431

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING DEFENDANT MOTORCITY CASINO'S MOTION FOR SUMMARY JUDGMENT [33]; ORDER GRANTING DEFENDANT LOCAL 24 UNITE HERE'S MOTION FOR SUMMARY JUDGMENT [34]**

**I. Introduction**

Before the Court are Defendant MotorCity Casino's Motion for Summary Judgment [33] and Defendant Local 24 Unite Here's Motion for Summary Judgment [34]. Defendant MotorCity seeks judgment in its favor as to Plaintiff's wrongful termination claims. Defendant Local 24 seeks judgment in its favor as to Plaintiff's claims of unfair representation. Defendant Local 24 also raises a statute of limitations defense.

On November 13, 2012, the Court heard oral argument on these Motions. Following the hearing, the Court took the Motions under advisement, pending the filing of supplemental briefs by both parties.

For the reasons stated below, Defendants' Motions are GRANTED.

**II. Factual Background**

Defendant MotorCity Casino hired Plaintiff Brenda Liner in November 1999. Defendant MotorCity alleges that on June 29, 2009, Plaintiff's supervisor Myron Dembny discovered Plaintiff sleeping while at work. Dembny used his cellular telephone to take a digital image of Plaintiff with

her head down and eyes closed. Immediately thereafter, Plaintiff informed Dembny that she was feeling weak and light-headed, as her blood-sugar had tested at 170 earlier that morning. This was the first time Plaintiff informed Defendant MotorCity of her diabetic condition.

On July 4, 2009, Defendant MotorCity terminated Plaintiff's employment, citing Defendant's employee handbook Mile Marker 8 Rule 17 which prohibits "[w]asting time, loafing, loitering, sleeping on the job, or leaving your assigned working area without permission." The handbook also states that this behavior "may result in disciplinary action up to and including termination of employment."

On July 14, 2009, Plaintiff filed a grievance regarding her termination. Defendant Local 24, Plaintiff's union, took actions to investigate the grievance. Defendant Local 24 had at least one conversation with Plaintiff concerning the termination, and conducted a Step 3 grievance meeting with Defendant MotorCity and Plaintiff. Ultimately, Defendant Local 24 decided to discontinue its representation of Plaintiff. In October 2009, Defendant Local 24 informed Plaintiff Liner of this decision in a letter. The letter states that:

> [t]he specific reason in your case that we've made the decision to not proceed primarily involves video evidence. [MotorCity Casino] has produced video of you sitting in a chair with your eyes closed for ten minutes. This video was taken after Myron gave you the opportunity to go to security or go home if you were not feeling well. This video would make any arbitrator deny your grievances.

Defendants have not produced such video evidence.

On March 26, 2010, Plaintiff filed an unfair labor practice charge against Defendant Local 24 with the National Labor Relations Board (NLRB). After an investigation, the charge resulted in dismissal and partial settlement between Plaintiff and Defendant. Local 24 agreed to post a notice of employee rights and the NLRB dismissed the remainder of Plaintiff's charges. A summary of the NLRB's dismissal was issued on May 28, 2010.

**III. Standard of Review**

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

**IV. Analysis**

    **A. Defendant MotorCity Casino - Wrongful Termination**

Plaintiff claims that Defendant terminated her employment in violation of the American's with Disabilities Act (ADA), and in doing so failed to accommodate Plaintiff's diabetic condition.

> To state a claim under the ADA, Plaintiff must establish a prima facie case of discrimination. Once Plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a nondiscriminatory legitimate reason for the termination. Provided that the employer meets this burden, Plaintiff must then show that the proffered reason is but a pretext for discrimination.

*Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 310 (6th Cir. 2000) (internal citations omitted).

To establish a prima facie case of discrimination, Plaintiff must show that: (1) she is disabled under the ADA; (2) she was otherwise qualified to perform the essential functions of the job; (3) she suffered adverse employment action; and (4) she was replaced by a nondisabled person. *Parry*, 236 F.3d at 310.

In order to establish a prima facie case for failure to accommodate, a plaintiff must show that: (1) she is disabled within the meaning of the Act; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) the employer failed to provide the necessary accommodation. *Johnson v. Cleveland City Sch. Dist.*, 443 Fed. Appx. 974, 982-983 (6th Cir. 2011).

For the purposes of the instant Motion [33], Defendant MotorCity does not contest Plaintiff's showing of a prima facie case of discrimination. Instead Defendant argues that Plaintiff was found sleeping while at work, it was only after waking her that Plaintiff informed Defendant of her diabetes diagnosis, and that Plaintiff was fired only because of her violation of the employee rules, which forbids sleeping on the job. Therefore, Defendant argues that Plaintiff's terminable offense occurred *before* her request for accommodation, which renders its subsequent knowledge of Plaintiff's disability irrelevant. Defendant relies on the alleged terminable offense to argue that it had a nondiscriminatory legitimate reason for Plaintiff's termination.

In opposition, Plaintiff disputes that she was sleeping at work. Plaintiff also argues that Defendant's reliance on the allegation of sleeping while at work is a pretext for the discriminatory action, because Defendant knew of Plaintiff's disability at the time of her termination.

A plaintiff may establish pretext by showing that the employer's proffered reasons "(1) have no basis in fact; (2) did not actually motivate the action; or (3) were insufficient to warrant the action." *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 285 (6th Cir. 2012) (*citing Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)). The plaintiff "bears the burden of producing sufficient evidence from which the jury could reasonably reject [the defendant's] explanation and infer that the defendant[] intentionally discriminated against him." *Seeger*, 681 F.3d at 285 (internal quotation marks and citations omitted). However, when the employer can "demonstrate an honest

4

belief in its proffered reason, [] the inference of pretext is not warranted." *Id.* (citations omitted).

Following this rational, the honest belief rule provides that:

an employer's proffered reason is considered honestly held where the employer can establish it reasonably reli[ed] on particularized facts that were before it at the time the decision was made. Thereafter, the burden is on the plaintiff to demonstrate that the employer's belief was not honestly held. An employee's bare assertion that the employer's proffered reason has no basis in fact is insufficient to call an employer's honest belief into question, and fails to create a genuine issue of material fact.

*Seeger*, 681 F.3d at 285 (internal quotation marks and citations omitted). Moreover, "the falsity of [a] [d]efendant's reason for terminating [a] plaintiff cannot establish pretext as a matter of law under the honest belief rule...the employee cannot establish pretext even if the employer's reason is ultimately found to be mistaken, foolish, trivial, or baseless." *Id.* at 285-86. Finally, "the key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action." *Id.* at 285.

Here, Plaintiff seems to use the first method listed above, that the proffered reason having no basis in fact, in order to challenge Defendant's proffered reason as a pretext. Plaintiff argues that she was not sleeping while working for Defendant, and therefore, Defendant has no legitimate reason for her termination.

Given Dembny's eye-witness account and cellular telephone photograph of Plaintiff, Defendant had a reasonable basis to believe Plaintiff was sleeping while at work. *See* Def. Mot. Summ. J. [33], Ex. 5-6. Plaintiff has not provided sufficient evidence to show that Defendant did not have an honest belief that Plaintiff was sleeping. Plaintiff's denial of the truth of the allegation itself is also insufficient to overcome the standard set by the honest belief rule. *See Seeger*, 681 F.3d at 285-86.

Therefore, Plaintiff's claims against Defendant MotorCity fail, and the Motion for Summary Judgment [33] is GRANTED.

### B. Defendant Local 24 - Breach of Duty of Fair Representation

1. Statute of Limitations and Equitable Tolling

In the instant case, Plaintiff's claims - against both her employer and union - present a hybrid case for which there is a six-month statute of limitation, derived from the Labor Management Relations Act (LMRA). *See Martin v. Lake County Sewer Co.*, 269 F.3d 673, 677 (6th Cir. 2001) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983)). "Plaintiffs are not required to sue on a hybrid claim until . . . [they] reasonably should know that the union has abandoned [their] claim."*Garrish v. Int'l Union*, 417 F.3d 590, 594 (6th Cir. 2005)(internal citations and quotation marks omitted). However, equitable tolling of this statute of limitations is permitted if plaintiff "attempted in good faith to exhaust their internal union remedies before filing suit in federal district court." *Garrish* , 417 F.3d at 595; *see eg. Dunleavy v. Local 1617, United Steelworkers of America*, 814 F.2d 1087 (6th Cir. 1987).

Defendant Local 24 argues that Plaintiff's claim against Local 24 began to accrue in either October 2009, when Local 24 sent Plaintiff a letter clearly stating that the Union would no longer pursue Plaintiff's claim against Defendant MotorCity, or on March 26, 2010, when Plaintiff filed its claim against Defendant Local 24 with the NLRB. Because Plaintiff filed her Complaint [1] in November 2010, Defendant Local 24 argues that Plaintiff failed to comply with the six-month statute of limitations based on either accrual date.

Plaintiff requests the Court equitably toll the statute of limitations because Plaintiff delayed filing in order to pursue alternate means of resolving the dispute. Plaintiff sought unemployment benefits in August 2009, filed a claim with the NLRB in March 2010, received a summary of the

6

NLRB's dismissal on May 28, 2010, and then filed a claim with the EEOC in March 2010. Plaintiff received a final determination from the EEOC only in August 3, 2010.

Because Plaintiff filed her Complaint [1] shortly after exhausting these other possible remedies, the Court allows for equitable tolling of the statute of limitations.

### 2. Fair Representation

In order to determine whether a union breached its duty of fair representation, the Court must consider whether the representation was "arbitrary, discriminatory, or in bad faith." *Roeder v. American Postal Workers Union*, 180 F.3d 733 (6th Cir. 1999). For Plaintiff's claim to succeed, "the district court must find, after a highly deferential review, that the [u]nion acted irrationally (not merely negligently), and that this seriously flawed the grievance process." *Gray v. Champion Int'l Corp.*, 1997 U.S. App. LEXIS 36746, 5 (6th Cir. Ohio Dec. 18, 1997) (*citing Linton v. United Parcel Service*, 15 F.3d 1365, 1369-72 (6th Cir. 1994)) (internal quotation marks and some citations omitted). Specifically, "a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion." *Linton* 15 F.3d at 1370 (*citing Vaca v. Sipes*, 386 U.S. 171, 191 (U.S. 1967)). "[A] union acts arbitrarily only if it handles a grievance in a perfunctory manner, with caprice or without rational explanation." *Linton* 15 F.3d at 1370 (*citing Poole v. Budd Co.*, 706 F.2d 181, 183 (6th Cir. 1983)).

Defendant Local 24 argues that it met its duty of fair representation through its investigation, conversations with Plaintiff, and meeting with Defendant MotorCity Casino, where MotorCity presented photographic evidence and witness statements to Local 24. Defendant argues that Plaintiff spoke with Joel Vujevich, a representative of Local 24, in October 2009. Defendant asserts that during this conversation, Vujevich provided Plaintiff with several reasons for the union's decision to discontinue representation. While Plaintiff does not dispute speaking with Vujevich, Plaintiff does

dispute the content of this conversation. Defendant also claims it held meetings to discuss Plaintiff's grievance, without Plaintiff's presence.

Plaintiff basis her claim of unfair representation on Defendant's October 2009 letter, which stated that it "primarily" relied on the "video of [Plaintiff] sitting in a chair with your eyes closed for ten minutes." Plaintiff asserts that because this video does not exist, Local 24 failed to adequately investigate her claim and pursue arbitration on her behalf.

Given Defendant's failure to produce the video evidence it cited as "primarily" influencing its decision to conclude its representation of Plaintiff, Defendant seems to have failed to conduct a thorough investigation. However, Defendant's written reasoning in the October 2009 letter does not constitute the entirety of the Defendant's representation of Plaintiff. Defendant Local 24 also met with Plaintiff and conducted a meeting between Defendant MotorCity and Plaintiff.

Therefore, after giving deferential review to Defendant's representation, Plaintiff's unfair representation claim against Defendant Local 24 fails, and its Motion for Summary Judgment [34] is GRANTED.

**V. Conclusion**

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant MotorCity Casino's Motion for Summary Judgment [33] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Local 24 Unite Here's Motion for Summary Judgment [34] is **GRANTED**.

Accordingly, this matter is deemed resolved and the case is **CLOSED**.

**SO ORDERED**.

Dated: March 22, 2013

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

8